%JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
APRIL NGUYEN, individually and on behalf of all others similarly situated

**(b)** County of Residence of First Listed Plaintiff: **Berks**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kalikhman & Rayz, LLC 1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006 (215) 364-5030

## DEFENDANTS
New Release DVD, LLC, et al.

County of Residence of First Listed Defendant: **Chester County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| | ☒ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 12101 et seq.
Brief description of cause:
Violation of the Americans With Disabilities Act

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 12/5/16
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Kalikhman & Rayz, LLC 1051 County Line Rd., Suite "A" Huntingdon Valley, PA

Address of Defendant: 381 Barneston Road, Glenmoore, Pennsylvania 19343

Place of Accident, Incident or Transaction: Eastern District of Pennsylvania
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐  No ☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐  No ☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 42 U.S.C. § 12101 et seq.

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Arkady "Eric" Rayz, Esq. , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 12/3/2016    _____    87976
                   Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/3/2016    _____    87976
                   Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| NGUYEN | : | CIVIL ACTION |
| v. | : | |
| NEW RELEASE DVD, LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

| 12/3/16 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 364-5030 | (215) 364-5029 | erayz@kalraylaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL NGUYEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s)<br><br>v.<br><br>NEW RELEASE DVD, LLC, d/b/a New Release DVD; NEW RELEASE DVD; NEW RELEASE DVD II, LLC<br><br>Defendant(s) | Case No.<br><br>CLASS ACTION COMPLAINT<br><br>Jury Trial Demanded |

Plaintiff April Nguyen ("Plaintiff" or "Nguyen"), on behalf of herself and all others similarly situated and alleges as follows:

## INTRODUCTION

1. In enacting the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, Congress provided a clear mandate regarding the elimination of discrimination against individuals with disabilities. Such discrimination that Congress sought to eliminate includes: (i) barriers to full integration; (ii) barriers to independent living; and (iii) barriers to equal opportunity for persons with disabilities, including places of public accommodations that are inaccessible to blind and visually-impaired persons (collectively, "visually-impaired individuals").[1]

2. This action involves Defendants New Release DVD, LLC d/b/a New Release DVD, New Release DVD, and New Release DVD II, LLC's ("Defendant" or "New Release")

---

[1] Plaintiff uses the term "visually-impaired individuals" to refer to all persons with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some individuals who meet this definition have limited vision, while others have no vision.

1

automated kiosk system, which is utilized by the general public in the renting of DVDs and Blue-Ray Discs (collectively "Rentals").

3. Defendant's kiosks are self-service, automated machines that permit individuals to use a touch-screen interface in the renting and returning of Rentals, without the assistance of a store clerk or any other third party.

4. As explained in detail below, Defendant's kiosks fall within the purview of the ADA as they are deemed places of public accommodations.

5. Plaintiff is an adult female individual who has the medical condition papilledema. Accordingly, Plaintiff is legally blind individual and, as such, is an "individual with a disability" as that term is understood pursuant to Title III of the ADA, and its implementing regulations.

6. Although classified as an "individual with a disability" under the ADA, Plaintiff leads an active social life and routinely travels for family and social functions.

7. However, Plaintiff's active lifestyle is impeded by Defendant's failure to conform to the requirements of the ADA. As described more fully below, Defendant's kiosks prevent visually-impaired individuals, such as Plaintiff, from independently using them.

8. As set forth in detail below, Defendant's kiosks are inaccessible to visually impaired individuals. The kiosks make use of an exclusively visual interface that requires users to identify and interact with command icons to browse film titles visually, on the screen, without any adaptive features to accommodate visually-impaired individuals. As a result, all of the services and features provided at Defendant's kiosks are only available to sighted customers.

9. Unless Defendant corrects the access barriers detailed herein, Plaintiff will be effectively denied full and equal access to Defendant's accommodations.

10. The ADA permits private individuals, such as Plaintiff, to bring suit in federal

court so as to compel compliance with the ADA.

11.     Accordingly, through this class action, Plaintiff seeks to end the systematic violation of the ADA – and thus the ongoing civil rights violations – of a class of similarly situated individuals by Defendant.  In particular, Plaintiff seeks: (i) a declaration that Defendant's kiosks violate federal law as described; and (ii) an injunction requiring Defendant to remove the identified access barriers so that they are fully accessible to, and independently usable by, visually-impaired individuals such as Plaintiff and the class she seeks to represent.

12.     Plaintiff also requests that once Defendant is fully in compliance with the requirements of the ADA, the Court retain jurisdiction for a period of time to be determined to ensure that Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant to remain in compliance with the law.

## JURISDICTION AND VENUE

13.     This Court has federal question jurisdiction over the ADA claims asserted herein pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

14.     Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

15.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

16.     Plaintiff is and, at all times relevant hereto, was a resident of the Commonwealth of Pennsylvania.  Plaintiff is and, at all times relevant hereto, has been a legally blind individual, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the

regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*

17. Defendant New Release DVD, LLC d/b/a New Release DVD is a limited liability company, organized in the Commonwealth of Pennsylvania, and maintains its headquarters at 381 Barneston Road, Glenmoore, Pennsylvania 19343.

18. Defendant New Release DVD is a fictitious name, registered in the Commonwealth of Pennsylvania, at 381 Barneston Road, Glenmoore, Pennsylvania 19343.

19. Defendant New Release DVD II, LLC is a limited liability company, organized in the Commonwealth of Pennsylvania, and maintains its headquarters at 381 Barneston Road, Glenmoore, Pennsylvania 19343.

## TITLE III OF THE ADA

20. On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

21. The ADA broadly protects the rights of individuals with disabilities with respect to employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

22. Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181-89.

23. The ADA applies to all places of "public accommodation." Effectively, a public accommodation is any private entity that owns, operates, leases, or leases to a place of public accommodation. Accordingly, restaurants, hotels, theaters, doctors' offices, dentists' offices, hospitals, retail stores, health clubs, museums, libraries, private schools, and day care centers are

all considered places of public accommodation under the ADA.

24. Section 302(a) of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq*., provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

25. Under Section 302(b)(l) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation.

26. Under Section 302(b)(l) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation, which is equal to the opportunities afforded to other individuals.

27. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being

offered or would result in an undue burden;

28. Importantly, places of public accommodation newly built or altered after January 26, 1993 must be readily accessible and usable by disabled individuals.

29. As set forth below, Defendant has failed to comply with the aforementioned requirements of the ADA.

## FACTUAL ALLEGATIONS

30. Defendant owns, operates, and/or leases a place of public accommodation.

31. Defendant's facilities are not fully accessible to, and independently usable by, individuals with disabilities.

32. Modern technology has provided a wave of automated and self-service shopping services. As such, self-service kiosks are becoming an increasingly common, and thus necessary, way people shop.

33. One such type of self-service kiosk is Defendant's DVD Rentals kiosks.

34. With the closing of many traditional video rental stores, Defendant's kiosks are among the few remaining options in the rental market for DVDs and Blue-Ray Discs.

35. As of the filing of this complaint, Defendant maintains over 130 kiosks, primarily located in Pennsylvania and Maryland.

36. Many of Defendant's kiosks are located in rural or less populous areas where few (if any) alternatives exist for consumers to rent DVDs and Blue-Ray Discs.

37. Defendant denies visually-impaired individuals equal access to the goods and services they provide at hundreds of locations throughout the Commonwealth of Pennsylvania.

38. Upon information and belief, each of Defendant's kiosks in the Commonwealth of Pennsylvania utilize a uniform design. As part of this uniform design, Defendant's kiosks use a

6

visual, touch-screen interface that offers customers the same form of services irrespective of which individual kiosk is used.

39. The touch-screen interface allows sighted customers to access a variety of accommodations, advantages, facilities, privileges, and services, including (i) the ability to browse and select Rentals independently, (ii) the ability to pay for Rentals privately and independently, and (iii) the ability to return Rentals independently. Through the use of the visual, touch-screen interface, a sighted person can perform each of these tasks without the assistance of a store clerk or another third party and, as such, does not have to disclose any personal information, such as credit card information, to said third-parties.

40. In contrast, visually-impaired individuals must seek the assistance of companions, strangers, or other third parties in order to use Defendant's kiosks in any of the foregoing ways. Unfortunately, this includes disclosing personal information, including their credit/debt card information, to other individuals in order to complete a rental transaction at Defendant's kiosks.

41. Accordingly, because of the touch-screen interface utilized by Defendant's kiosks, all of Defendant's kiosks are effectively not independently accessible to visually-impaired individuals.

42. There is a large population of visually-impaired individuals in the Commonwealth of Pennsylvania. According to the National Federation of the Blind, Pennsylvania has a large population of visually impaired people - the fourth largest in the United States. *See* https://nfb.org/blindness-statistics (last visited May 22, 2015). As of 2012, there were approximately 271,000 blind/visually-impaired people in Pennsylvania.

43. Plaintiff seeks full and equal access to the accommodations, advantages, facilities, privileges, and services provided by Defendant at all its kiosks located in the Commonwealth of

Pennsylvania.

44. Defendant's website lists over 100 unique geographic locations within the Commonwealth of Pennsylvania where one or more kiosk is available. *See* http://newreleasedvd.mydvdkiosks.net/member/searchMachines (last visited July 25, 2016).

45. Based on the sheer volume of kiosks Defendant has in Pennsylvania, Defendant's kiosks provide an array of services regarding Rentals to hundreds (if not thousands) of customers on a daily basis.

46. Many visually-impaired individuals, including Plaintiff, enjoy video rentals on their own as well as with sighted friends and family – enjoying dialogue driven films and action-packed films where friends/family describe the action.

47. Indeed, Plaintiff and her family make use of Defendant's kiosks in the renting of movies.

48. The lack of accessible video rental kiosks means that visually-impaired individuals, including Plaintiff, are excluded from independently accessing this ever-popular form of entertainment. Consequently, visually-impaired individuals must rely on sighted companions or strangers to assist them in renting and returning Rentals at Defendant's kiosks.

49. In order to use Defendant's kiosks, Plaintiff is required to seek the assistance of others.

50. In or around July 2016, Plaintiff attempted to use Defendant's kiosk in Redner's Market located at 1149 Burkeshire Boulevard, Wyomissing, Pennsylvania.

51. Unfortunately, in order to use Defendant's kiosks, Plaintiff must rely on the assistance of family members, travel companions, and/or strangers in order to complete the transaction.

52. Plaintiff frequently visits this location in the course of her daily activities and will continue to attempt to use Defendant's accommodations as she wishes to enjoy Rentals with her family. However, so long as Defendant's kiosks continue to violate the ADA, Plaintiff will be unable to use them independently and will be, thereby, denied full access to Defendant's accommodations.

53. The inaccessible nature of Defendant's kiosks exists despite the fact there is readily available accessible technology. This technology has long been used by financial institutions that make use of audio features, tactile controls, and screen reading software which permits visually-impaired individuals to use their ATMs independently.[2]

54. Despite this readily available technology, Defendant has chosen to rely on an exclusively visual interface – rendering the kiosks only independently accessible to sighted customers who can browse, select, and pay for Rentals at Defendant's kiosks without the assistance of others.

55. Defendant thus provides accommodations, advantages, facilities, privileges, and services to customers that contain access barriers. These barriers deny full and equal access to Plaintiff and other visually-impaired individuals in Pennsylvania who would otherwise use Defendant's kiosks independently.

56. By failing to make its kiosks accessible to visually-impaired individuals, Defendant is violating basic equal access requirements under applicable federal law.

57. Plaintiff uses Defendants' public accommodations and will likely continue to do so in the future.

58. Plaintiff requests periodic monitoring to confirm that the public accommodations

---

[2] The ADA and its implementing regulations required ATMs to be fully accessible by March 2012.

9

are brought into compliance and remain in compliance.

59. Without injunctive relief, Plaintiff will continue to be unable to independently use Defendant's accommodations.

### CLASS ACTION ALLEGATIONS

60. Plaintiff brings this action pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure on behalf of the following class: "all legally blind individuals who have been and/or are being denied access to Defendant's kiosks within the Commonwealth of Pennsylvania" (the "Class").

61. Upon information and belief, the Class is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective Class members through this class action will benefit both the parties and this Court.

62. <u>Typicality:</u> Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct.

63. <u>Common Questions of Fact and Law:</u> There is a well-defined community of interest and common questions of fact and law affecting members of the Class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's accommodations and/or services due to Defendant's failure to make its accommodations fully accessible and independently usable as above described.

64. The questions of fact and law common to the class include but are not limited to the following:

    a. Whether Defendant is a "public accommodation" under the ADA;

      b.      Whether Defendant's conduct in failing to make its accommodations fully accessible and independently usable as described above violated the ADA; and

      c.      Whether Plaintiff and members of the class are entitled to declaratory and injunctive relief.

65.    <u>Adequacy of Representation:</u>  Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and have no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, including litigation involving claims of violations of the ADA.

66.    Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

**COUNT I**
**VIOLATION OF THE ADA**

67.    The allegations contained in the previous paragraphs are incorporated by reference.

68.    Defendant's kiosks are rental establishments and, therefore, places of public accommodation within the definition of Title III of the ADA. 42 U.S.C. § 12181(7)(E).

69.    Defendant has discriminated against Plaintiff and the Class in that it has failed to make its kiosks fully accessible to, and independently usable by, individuals with disabilities in violation of the ADA, as described above.

70.     Defendant's acts described above constitute a violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., and the regulations promulgated thereunder.

71.     Complying with the ADA would neither fundamentally alter the nature of Defendant's business or its kiosks, nor result in an undue burden to Defendant.

72.     Defendant's conduct is ongoing, and, given that Defendant has not complied with the ADA's requirements that public accommodations make themselves fully accessible to, and independently usable by, individuals with disabilities – as specified by the ADA, Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

73.     Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies that it is fully in compliance with the mandatory requirements of the ADA that are discussed above, Defendant's non-compliance with the ADA's requirement that its kiosks be fully accessible to, and independently usable, by individuals with disabilities is likely to recur.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the members of the Class, pray for:

A.     A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above;

B.     A permanent injunction which directs Defendant to take all steps necessary to bring its facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that all of its facilities are fully in compliance

with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain in compliance with the law;

    C.    An Order certifying the Class proposed by Plaintiff, and naming Plaintiff as the class representative and appointing her counsel as class counsel;

    D.    Payment of costs of suit;

    E.    Payment of reasonable attorneys' fees; and

    F.    The provision of whatever other relief the Court deems just, equitable and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

**(SIGNATURE ON THE NEXT PAGE)**

| | |
|---|---|
| Date: <u>December 3, 2016</u> | Respectfully submitted,<br>**KALIKHMAN & RAYZ, LLC**<br><br>_/s/ Arkady Rayz_<br>Arkady "Eric" Rayz<br>Demetri A. Braynin<br>1051 County Line Road, Suite "A"<br>Huntingdon Valley, PA 19006<br>Telephone:  (215) 364-5030<br>Facsimile:  (215) 364-5029<br>Email: erayz@kalraylaw.com<br>Email: dbraynin@kalraylaw.com<br><br>**CONNOLLY WELLS & GRAY, LLP**<br>Gerald D. Wells, III<br>Robert J. Gray<br>2200 Renaissance Blvd., Suite 308<br>King of Prussia, PA 19406<br>Telephone: (610) 822-3700<br>Facsimile: (610) 822-3800<br>Email: gwells@cwg-law.com<br>Email: rgray@cwg-law.com<br><br>Counsel for Plaintiff(s) and the Proposed Class |